·GEORGE M. WEATHERBY *v.* THOMAS SHACKLEFORD, Adm'r, &c.

1. PRINCIPAL AND SURETY: JUDGMENT, WHAT IT EMBRACES : INTEREST : INJUNC-
TION.—A judgment for a sum of money, is not only an order that the plaintiff
recover the sum of money specified, but it also embraces the legal incident,
the right to recover interest for the further detention of the debt; and this
right to recover interest is in law incorporated into the judgment, and is a
part of the money ordered to be paid; and hence, a surety on a bond given to
enjoin the collection of a judgment, is bound for the interest subsequently
accruing under a stipulation in the bond, which obligates him, upon a disso-
lution of the injunction, " to pay the sum of money specified in the judg-
ment."

2. SAME: SAME.—Although the contract of a surety is to be construed strictly
for his benefit, yet it must be construed according to its true scope and legal
import, and the subject-matter to which it relates; and general and doubtful
phrases in the contract must be construed with reference to the law and the
circumstances of the case; and hence, where the object of an injunction is to
enjoin both the principal and interest of a judgment, a doubtful phrase in
relation to the obligation to pay interest, in the injunction bond, will even as
against the surety receive such a construction as to embrace interest as well
as principal.

ERROR to the Circuit Court of Holmes county. Hon. E. G.
• Henry, judge.

The defendant in error, as administrator of James B. Slade, de-
ceased, sued plaintiff in error in the Holmes Circuit Court, on an
injunction bond executed by Billington Smally, principal, and the
plaintiff in error, G. M. Weatherby, and A. J. Patterson, as his se-
curities, to said Shackleford's intestate, in the penal sum of five
thousand dollars, dated 21st of October, 1844. The condition of
the bond recites that said Slade, at the October term, 1843, of the
Circuit Court of Holmes county, recovered a judgment against said
Smally and others, for $1386 20, and one against Alfred W. King,
at the October term, 1843, of the Circuit Court of Madison county,
" for about $1300," and that Smally had obtained an injunction en-
joining said judgments; and the condition concludes with the follow-
ing words, viz. : " Now, in case the said injunction being dissolved,
the said Smally shall well and truly pay to the said Slade and the

said King, the said sums of money in said judgments specified, and all such costs and damages as may be awarded in consequence of the wrongful issuance of said injunction, then this obligation to be void," &c.

Weatherby pleaded to the complaint, and, among other things, alleged that the bond was not conditioned for the payment of any interest on the two judgments mentioned in the bond. To this part of the plea, the plaintiff demurred, the court sustained the demurrer, and the cause was then submitted to a jury, and the defendant asked the court to give the jury the following instruction, viz.: "The defendant requests the court to instruct the jury that they can find for plaintiff only the principal of the judgments mentioned in the complaint, and cannot allow any interest on said judgments;" but the court refused the instruction, and the defendant below excepted, and a verdict was returned for the whole amount of the judgments in the bond specified, with interest thereon, after deducting a payment of about $1000. The defendant below then moved for a new trial, which was overruled by the court, to which Weatherby excepted, and filed his bill of exceptions, and sued out this writ of error.

*J. M. Dyer*, for plaintiff in error.

I have assigned several errors in the ruling of the Circuit Court, but I will consider them together, as they all present the same question, and that is, that interest was not recoverable on the judgments mentioned in the injunction bond, and was improperly allowed. It must be borne in mind, that Weatherby, the only defendant in the court below, is but a security in the injunction bond, and that the bond is conditioned to pay only "the sum of money specified in the judgments (set forth in the bond), costs and damages," and is silent as to interest, and uses no language, as I will endeavor to show, which directly or impliedly gives interest.

The condition is not to pay "the judgments" referred to in the bond. If such was its language, interest would probably be recoverable, for it is an incident to a judgment, but it is to pay only "the sum specified in the judgments, costs, and damages." What is that sum? In one judgment it is $1386 20, and in the other, about $1300. It is then clear upon the face of the bond, accord-

ing to its literal meaning, that the defendant and surety Weatherby, bound himself alone to pay those two sums, in the event Smally was cast in the chancery suit. The costs and damages I will speak of after awhile. If he can be made to pay more than those two sums, or, in other words, interest on them, which would be more than double the amount of the judgments, it must be by construction or implication; by determining that "the sum specified in the judgments" does not mean the amount of the judgments alone, but that sum and interest for an indefinite period thereon; but this cannot be done. The obligation of a security will not be enlarged by construction or implication. He has a right to stand upon his contract or bond. His liability is bounded and limited by that, and cannot be extended beyond it, and to this effect are all the authorities.

In *Walsh* v. *Bailie*, 10 Johns. Rep. 180, it is decided that a security cannot be held beyond the precise terms of his agreement.

"A surety is only bound to the strict terms of his contract; his liability cannot be extended by implication." *Field* v. *Rawlings*, 1 Gilman, 581; Sup. U. S. Dig. 817, § 91.

The conditions of bonds are construed strictly, as for instance, in *Morgan* v. *Morgan*, 4 Gill. & Johns. 395, where a bond was conditioned to perform such order or decree as the court of chancery should pass in the premises, it was held that the defendant's failure to perform a decree of a county court sitting as a court of equity, was not within the condition. It was undoubtedly within the spirit, but not being within the letter of it, the defendant was not bound. This case is referred to in 1 U. S. Dig. 437, § 97; 5 George, 257.

If anything could be added to a bond, not included in it, a party would be bound not by his own contract, but by a contract which the court presumed he intended to make, and it would often follow that the court, instead of the party, would make the contract. The safer rule would be to require the obligee to abide by the terms of the bond, and if he has taken a bond with conditions or covenants too narrow or restricted, let him suffer, and in future he will be more cautious and vigilant.

Our statute prescribes clearly the condition of an injunction bond. It says it shall be "conditioned for paying all money and costs due or to become due to the plaintiff in the action at law, also all such costs and damages as shall be awarded against him or her in case

the injunction shall be dissolved." Hutch. Code, 761, § 43. I do not think a condition could be expressed in language more precise, perspicuous, or unequivocal. 1st. It says it shall be conditioned to pay the money and costs due. Due when? Due, of course, at the date of the bond. Due is a verb of the present tense; it looks to the present, and not to the future. What was due on the judgments mentioned in the bond, at the date of the latter? Simply their amount, and the interest up to that period, and not interest and costs which might accrue subsequently. But 2d. It says all money and costs "to become due." To become due when? Clearly, after the date of the bond, or, in other words, such interest and costs as might accrue after the grant of the injunction. If the money and costs due at the date of the bond, included all future interest and cost, the words "to become due" are surplusage and nonsensical, and should not have been put in the statute; but by construing them as I do, they are significant and appropriate, and if so, my construction should be adopted, for it is a cardinal rule, in the construction of statutes, to interpret them so that the whole may if possible stand *ut res magis valeat quam pereat.* Dwarris, 568. But, further, it is provided by the statute that the bond shall be conditioned for the payment "of all such costs and damages as may be awarded against him (the defendant), in case the injunction shall be dissolved." Now, if the costs due at the date of the bond included all future costs, why this last clause in the statute? There would be none, but it is manifest that the legislature knew that the first provision was not broad enough to cover future costs, and hence, inserted the last clause. If the first provision as to "present cost" did not embrace subsequent cost, it is equally clear that "the money due" on the judgment at the date of the bond cannot be made, by any known method of construction or interpretation of statutes, to include money "to become due."

By reference to the condition of the bond in the case at bar, it will be seen that it is conditioned for the payment of the "sum of money specified in the judgments," or, in other words, "the money" due at the date of the judgments, and not "to become due." If I am correct, there is a total omission as to interest.

In the case of *Triplet* v. *Gray*, 7 Yerger Rep. 17, the principle I am contending for is clearly established. That was a suit on an

appeal bond. Judge Green, in delivering the opinion of the court, says : "Although the condition of a bond may not embrace everything required by the act of Assembly to be stipulated in such condition, nevertheless, a judgment may be rendered on it to the extent of the condition. This," he adds, "has been the constant practice of this court, when appeal bonds are required to be conditioned for the payment of debt, damages, and costs. If the condition be for the payment of damages and costs, we give judgment to that extent only ; and if for costs alone, the judgment will be but for costs." In the case at bar, I say it is conditioned for principal alone, and hence, the judgment, according to Judge Green, should be but for principal, and not for interest.

In *Nichol & McAllister* v. *McCombs*, 2 Yerger, 83, "where the condition of an appeal bond was to prosecute the appeal with effect or pay all costs and damages, it was held that judgment could not be rendered against the security in appeal for the principal debt." If the principal debt cannot be recovered, because there is no condition for the payment of it, is not the converse true, that if there is no condition to pay interest, that interest cannot be recovered? To the same effect is the case of *Banks* v. *Brown*, 4 Yerger, 198. In that case there was an omission to provide for the payment of the principal debt, and the security in the appeal bond was held not liable for it. *Gholson* v. *Brown*, Ib. 496, decides the same.

The damages mentioned in the bond do not cover interest. They mean the five per cent. damages which may be awarded upon the dissolution of an injunction.

Suppose the bond in this case had been a blank as to the conditions, could a recovery have been had on it ? Certainly not. If there was a blank as to half of the conditions or any of them to that extent, the same result would follow, and I insist there is an omission or blank as to the interest.

It may be said that interest is an incident to the judgment : granted ; but Weatherby is not a party to the judgment. He could not be sued on it. Execution emanating from it could not be levied upon his property. His liability is upon the bond, not upon the judgment, and to the former we must look for the extent of his obligation. Suppose the bond was conditioned to pay but half of the judgment, or for the interest alone, could a recovery be had

against him for the whole of the judgments and interest? Certainly not, according to the cases in Yerger cited above.

Again, a penal bond does not draw interest. It is the condition alone gives it, and if there is no provision for interest in the condition, by omission, accident, or design, how can it be recovered? There is no way for it. The intention of the parties does not matter. We must look to the bond for the intention, and unless it is expressed therein, legally it does not exist.

The condition of the bond is not to pay the judgments, but the sum therein specified; and to pay it when? When the injunction is dissolved, and a judgment is recovered on the bond. It is like giving a note payable ten years after date: interest would not be payable from its date, unless it was so stipulated.

Interest is the creature of legislation, and can be recovered in such cases only where there is an express provision for it by statute. *Hamer* v. *Kirkwood*, 25 Miss. 95. In that case it was held that a judgment of the High Court for damages did not bear interest, because there was no law giving it. There is no law giving interest on sums enjoined against securities in an injunction bond, unless it is expressly agreed to be paid in the condition of the bond.

It must be recollected that Weatherby is not a party to the judgments specified in the bond. Upon them he cannot be sued. If he could be, he would be liable for interest in such a suit, but he can be reached only through the bond, and we must look to its stipulations to ascertain the extent of his liability; and there being in it no provision for interest, the Circuit Court unquestionably erred in charging him with it.

The bond being defective, Slade or his administrator could have moved for a new bond and security, and in the event of their not being given, the injunction would have been dissolved years ago; and if the defendant in error thought fit not to make such a motion, and has thereby suffered, Weatherby, the innocent surety, is not to blame for it. If there is any loss, he has not caused it, and consequently should not be saddled with it.

*H. A. H. Lawson*, for defendant in error.

The bond recites the rendition of the judgments, their date and amount, and states that Smally had obtained an injunction, enjoining said judgments. This is part of the condition of the bond. It

is admitted, that if the bond were to pay the judgments referred to in the bond then, that interest might have been recovered, because interest is but an incident. It seems to us that the whole bond or contract is to be taken together. The object of giving the bond was to enjoin the judgments, for they are recited in it. The security understood his contract or obligation to be coextensive with the judgments enjoined. The law imposed upon the principal the giving a bond, with security to pay the judgments, interest, &c. The recitals in the bond show that the object was to enjoin these particular judgments with all their incidents; and, taking the recitals in the bond, they show the defendant's undertaking. The whole instrument must be taken together; and if, as a whole, the defendant undertook to enjoin the judgments, and it can be made out by the recitals that he so undertook, then he must respond for the whole. *Great Northern Railway Company* v. *Harrison*, 74 Eng. Com. Law R. 607; 2 Robinson's Practice, 38.

It is said that sureties have a right to stand upon the strict terms of their contract. But still the contract is to be construed according to its tenor and effect, so as to reach the true intent and meaning of the contracting parties. The true intent and meaning of the surety was, that he was entering into that kind of bond which the law required to enjoin the judgments. There is then no hardship in holding him liable for that which he attempted, and we say, upon a fair interpretation of the whole contract, he bound himself for the judgments and interest.

When he bound himself for the payment of the money in the judgments specified, we think he bound himself for the payment of that sum with the incidents attached thereto by law, to wit, the interest. If the security had become responsible for the delivery of any species of property, and it had increase, which was a mere incident, the bond undoubtedly would hold the security for such increase. *Jordan* v. *Thomas*, 31 Miss. R. 562. Whatever is an incident, must follow and be attached to the principal thing. It was known that interest was affixed to the delay in paying the judgments at the time the surety became such. He knew by his act that a delay would take place in the payment of the money in the judgments specified, that interest was to be computed by the law as certain as the delay occurred. It seems to us, then, that by

any fair interpretation of the contract, that the surety is bound for interest, and that there is no error in the judgment of the Circuit Court.

HANDY, J., delivered the opinion of the court.

This action was brought upon a bond executed by one Smally, and the plaintiff in error and another as sureties, in order to obtain an injunction against the execution of two judgments at law, in favor of the intestate of the defendant in error.

The bond, after reciting the two judgments, has the following condition: "Now, in case the said injunction being dissolved, if the said Smally shall well and truly pay to the said Slade the said sums of money, in said judgments specified, and all such costs and damages as may be awarded, in consequence of the wrongful issuance of said injunction, then this obligation to be null and void, else to remain in full force."

The question arising upon the demurrer to the declaration, and also upon the instruction asked in behalf of the defendant below, and the only question now presented for consideration is, whether, under the condition of this bond, the obligors are responsible, not only for the sums specified in the bond, as the amounts of the judgments enjoined, but also for the interest on the judgments.

It is contended, in behalf of the plaintiff in error, that the terms of the bond embrace only the principal of the judgments; and that, being but a surety, he is bound only by the strict terms of the bond, and is entitled to the benefit of a strict construction of them.

It is admitted that, if the condition of the bond had been, in case of dissolution of the injunction, to pay *the judgments*, that language would have bound the surety for the payment of both principal and interest, because interest is an incident to, and part of, the judgment; but it is contended that the language used in this bond, " to pay the said sums of money in said judgments specified," limits the liability to the sums stated *in numero*, as the amounts of the judgments. But we do not think that there is any substantial difference between the two modes of expression. A *judgment* for a sum of money, consists not only in the order that the plaintiff recover the sum specified, but also in the incident that the law attaches to it the right to recover interest for the further detention

of that sum. That right becomes a part of the judgment, and in law it is incorporated into the judgment, and becomes a part of the money decreed to be paid, as essentially as if positively stated in the judgment. Hutch. Code, 642, sec. 3. Hence an obligation to pay *the sum specified in a judgment,* means the sum positively stated, and that which is a necessary legal incident to the judgment. This will appear clearly, when we consider that the injunction involved in this case suspended execution of the judgment, not only for the principal of the sums recovered by the judgments, but also the interest; for when the collection of the principal was arrested, as a matter of course interest could not be collected. Yet upon the reasoning of the counsel for the plaintiff in error, the injunction would have stayed the execution only as to the principal, and did not properly prevent the collection of the interest.

It is true that the contract of a surety is to be construed strictly, for his benefit; but it must be construed according to its true scope and legal import, according to the subject-matter to which it relates. General or doubtful phrases must be resolved by reference to the law and circumstances of the case connected with the contract. The object of the injunction under consideration was, to stay the collection of the sums of money due upon the judgments, and the law attached interest to the sums stated in the judgments as essentially as if interest had been specified; and in law it was a part of the sum specified in the judgments. As such it was enjoined, and as such the obligation of the bond embraced it.

Let the judgment be affirmed.